IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSE VELEZ, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00516 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COURTNEY, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Jose Velez, Jr., a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that Wallens Ridge State Prison officials violated his rights by taking and/or failing to return his property. Having reviewed the complaint, I conclude that Velez's allegations fail to state a cognizable § 1983 claim and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Velez alleges that Officer Courtney confiscated his property without "using the proper due process clause . . . ." Velez further alleges that Captain Cope told Velez that he would have the items returned to Velez as soon as possible, but Sergeant Craft "refused to locate [the] property or talk to Officer Courtney."

The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 545 (1981). Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. Va. Code § 8.01-195.3. The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state

employees. *See, e.g., Wadhams v. Procunier*, 772 F.2d 75, 77-78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirements of a meaningful post-deprivation process, I conclude that Velez has failed to state a cognizable § 1983 claim. Therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTER**: This  25th   day of April, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2

Case 7:15-cv-00516-NKM-RSB   Document 13   Filed 04/25/16   Page 2 of 2   Pageid#: 63